69 F.3d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Garfield DAVIS, Plaintiff-Appellant,
v.
ATTORNEY GENERAL OF UNITED STATES; Attorney General of
Kansas; Robert D. Hannigan, Warden, Hutchinson
Correctional Facility, Defendants-Appellees.
 No. 95-3101.
 United States Court of Appeals, Tenth Circuit.
 Nov. 1, 1995.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court dismissing pro se plaintiff's civil rights complaint filed pursuant to 42 U.S.C.1983. The district court dismissed plaintiff's action under 28 U.S.C.1915(d) as frivolous or malicious. We GRANT in forma pauperis status, and AFFIRM the order of the district court dismissing plaintiff's complaint.
 
 
 3
 Construing plaintiff's filings liberally, as we must in the case of a pro se petitioner, we agree with the district court that plaintiff's petition fails to state a claim in this case and that all of the issues raised on appeal are conclusory and lack support in fact. Plaintiff's brief on appeal in this case raises a series of conclusory claims related to actions of the district court and the judge, involuntary servitude of the petitioner, and discriminatory and illegal treatment. None of these allegations are supported by any facts specific enough to support a claim of a constitutional violation. Under these circumstances, we AFFIRM the order of the court dismissing the complaint. The "Letter of Emergency" filed in this case is rendered moot by this order.
 
 
 4
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470